CARTER, Appellant,

v.

CARTER, Appellee.

[Cite as *Carter v. Carter* (1989), 62 Ohio App.3d 167.]

Court of Appeals of Ohio,
Clermont County.

No. CA88–08–060.

Decided April 24, 1989.

*Croswell & Adams Co., L.P.A.,* and *Gregory L. Adams,* for appellant.
*Walker, Bradford & Hill* and *Allen L. Burreson,* for appellee.

---

*Per Curiam.*

This is an appeal by appellant, Karyn Kay Carter, from a judgment of the Clermont County Court of Common Pleas, Domestic Relations Division, which terminated her joint custody arrangement with appellee, Bruce Kent Carter, and awarded him sole custody of the parties' son Kristopher Carter.

On July 24, 1987, appellant was awarded a divorce from appellee. As a part of their decree, appellant and appellee entered into a joint custody plan respecting their son Kristopher, who was born October 29, 1981.

Following her divorce, appellant married a French national named Phillip Housset. Housset was employed by CFMI International, a French concern, engaged in the jet engine business. As a part of his job, Housset was periodically transferred. In fact, shortly before appellant and Housset were married, Housset learned that he was being transferred to Karachi, Pakistan, for two years beginning in January 1988.

Appellant's marriage to Housset and his imminent transfer to Pakistan prompted appellant, on January 25, 1988, to file a post-decree motion asking that the parties' joint custody arrangement be terminated and that she be awarded sole custody of Kristopher. Appellee responded by filing a cross-motion to terminate joint custody and have himself named Kristopher's sole custodian.

On May 16 and 19, 1988, a hearing was held on both motions. In due course, the court filed a judgment entry overruling appellant's motion, granting appellee's cross-motion, and ordering appellant to pay appellee child support. This appeal followed.

In her brief before this court, appellant presents four assignments of error. They state:

First Assignment of Error:

"It was prejudicial error to refuse to allow testimony concerning the defendant-appellee's efforts to alienate his son from appellant."

Second Assignment of Error:

"It was prejudicial error to prevent plaintiff-appellant from offering the testimony of the minor child's therapist, Dr. Joan Rexeit [*sic*]."

Third Assignment of Error:

"It was prejudicial error to prohibit a proffer of anticipated testimony after refusing to allow a witness to testify."

Fourth Assignment of Error:

"It was prejudicial error to order plaintiff-appellant to pay child support at the level of the Supreme Court's Child Support Guidelines."

For her first assignment of error, appellant contends the court below erred in refusing to consider certain out-of-court statements Kristopher made about his reluctance to move to Pakistan. According to appellant, these statements were the result of appellee's attempt to alienate Kristopher from her. We find this assignment of error to be without merit.

Appellant's proffer stated in part that upon Kristopher's return from a weekend with his father shortly after she suggested a move to Pakistan, he stated he wasn't moving to Pakistan because of snakes, awful food, and different people who wouldn't like him. Appellant also proffered evidence that Kristopher stated that he and his father had watched a videotape about Pakistan making it appear that it was "a miserable God forsaken place."

■ We find appellant's first assignment of error unpersuasive because testimony describing Kristopher's negative feelings about appellant's impending relocation were offered through Dr. Donna Judd, who opined that appellee and his mother were the primary source of these feelings. Since evidence was received supporting appellant's claim that appellee was engaged in negatively portraying her relocation to Pakistan, it was not an abuse of discretion for the court to refuse to receive additional (*i.e.*, cumulative) proof of that fact. Evid.R. 403(B). Appellant's first assignment of error is therefore overruled.

■ For her second assignment of error, appellant contends the trial court abused its discretion by refusing to allow her to present the testimony of Dr. Joan Reckseit. We disagree.

At the beginning of the second day of the hearing below, appellant asked permission to call Reckseit, Kristopher's therapist, as a witness. In discussing appellant's failure to call Reckseit earlier, appellant conceded Reckseit had always been subject to subpoena but that she had not been subpoenaed because she told appellant she was unwilling to give a custody recommendation. However, it appears that the night before the second day of the hearing, Reckseit changed her mind and indicated she *was* willing to provide a recommendation. Consequently, appellant asked to be permitted to offer her testimony. However, the court refused to allow Reckseit's testimony either out of order or through a separate deposition.

By refusing to afford appellant additional time to present Reckseit's testimony, the court below effectively denied appellant's motion to continue or extend the hearing then in progress. In *State v. Boyer* (June 24, 1985), Clermont App. No. CA84–11–085, unreported, 1985 WL 8700, this court held the allowance or denial of a continuance lies within the sound discretion of the court. In evaluating such a motion, *Boyer* held the court should consider, among other things, the length of the delay requested; the inconvenience to litigants, opposing counsel, and the court; whether the requested delay is for legitimate purposes; and whether the continuance-movant contributed to the circumstances which give rise to the continuance request. In this case, the continuance sought was of an uncertain duration; the inconvenience to opposing counsel and the court was not minimal since two days of court time had already been committed to this hearing; and appellant made no effort to

subpoena Reckseit earlier, thus contributing to the delay she sought. Given these factors, we conclude the trial court did not abuse its discretion in denying appellant's motion to be granted additional time to present Reckseit's testimony. Consequently, appellant's second assignment of error is overruled.

■ For her third assignment of error, appellant contends the court below erred when it refused to permit her to proffer the substance of Reckseit's excluded testimony. We disagree.

As appellant's second assignment of error reveals, the court below refused to hear the testimony of Reckseit. In order to preserve her claim of error, see Evid.R. 103(A), appellant attempted to proffer Reckseit's anticipated testimony. However, the court below refused to permit a proffer.

Evid.R. 103(A) provides:

"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

" * * *

"(2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination."

Appellee submits no proffer of Reckseit's testimony was necessary or proper because she never took the stand. We find this position untenable. The court below did not find Reckseit incompetent to testify due to her inability to accurately perceive, recollect, and communicate her recollections. See Evid.R. 601(A). It simply exercised its discretion to control the proceedings before it, see Evid.R. 611(A), by refusing to hear any testimony from Reckseit. Consequently, she could have testified but for the court's refusal to hear from her. Because we believe the distinction between the court's absolute refusal to hear from Reckseit and its exclusion of any other witnesses' testimony on a specific subject is simply a matter of degree, we conclude Evid.R. 103(A) must be considered in the resolution of this assignment of error. *Loney v. Walker* (1921), 102 Ohio St. 18, 130 N.E. 158.

An offer of proof serves the salutary purpose of assisting an appellate tribunal in determining whether the lower court's exclusion of certain evidence was prejudicial to a "substantial right" of the complaining party. *State v. Gilmore* (1986), 28 Ohio St.3d 190, 28 OBR 278, 503 N.E.2d 147. For this reason, proffers should be freely permitted outside the presence of the finder of fact, see Evid.R. 103(C), when some or all of a witness' direct examination is excluded. Evid.R. 103(A)(2). In fact, we have held on at least one occasion

that the failure to make an offer of proof was fatal to a successful assignment of error. *Reif v. G & J Pepsi Cola Bottlers* (Feb. 15, 1988), Warren App. No. CA87–05–041, unreported, 1988 WL 14052. Accordingly, as a general rule, a refusal to permit a proffer when direct examination evidence is excluded is error.

Our prior decisions regarding the importance of an offer of proof and the above-mentioned general rule notwithstanding, we are not persuaded the court below abused its discretion when it refused to permit appellant's proffer for two reasons. First, appellant made no effort to subpoena Reckseit or to have her available to testify whether she intended to call her or not. Second, it does not appear that appellant's counsel had any discussion with Reckseit through which he could learn the substance of her testimony and recommendation.

By not subpoenaing Reckseit or personally communicating with her, a proffer of her anticipated testimony would permit appellant to mount a basis for a potential appeal (by being able to insert unsubstantiated assertions into the record) without having actually undertaken any effort to present those assertions in open court. Additionally, when we consider that appellant's counsel had not spoken to Reckseit personally but was relying upon his client's summary of a conversation with her, we cannot help but observe that any proffer appellant's counsel would have presented would invariably be speculative and based upon double hearsay, and thus not constitute a valuable yardstick for an appellate court to make a reliable determination of the prejudice caused by the exclusion of that testimony. Because we conclude an offer of proof under these circumstances would not have benefitted this court in the manner contemplated by Evid.R. 103(A)(2), we overrule appellant's third assignment of error.

■ For her fourth assignment of error, appellant contends the trial court erred in ordering her to pay child support in accordance with the Ohio Supreme Court Child Support Guidelines based on her 1987 income. We find this assignment of error to have merit.

While the record before us contains a judgment entry ordering appellant to pay child support in accordance with the Ohio Supreme Court's Guidelines based upon her 1987 income (which was what she earned before she left her position as a teacher to join Housset in Pakistan), an examination of the hearing transcript reveals no evidence demonstrating an individualized consideration of the criteria set forth in R.C. 3109.05. In *Whittenburg v. Boyer* (July 25, 1988), Clinton App. No. CA87–12–028, unreported, 1988 WL 76827, this court held the Ohio Supreme Court Child Support Guidelines are merely a starting point from which equitable support orders are determined based on

the proof adduced. In this case, the court below appears to have mechanically applied the support guidelines without the benefit of evidence. We therefore sustain appellant's fourth assignment of error.

Appellant's first, second and third assignments of error are overruled and her fourth assignment of error is sustained. The judgment of the court below is affirmed in all respects except for its child support order. The court's child support order is reversed and the matter of a fair and equitable child support order is remanded to the court below for further proceedings.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part and this cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed in part*
*and cause remanded.*

YOUNG, P.J., HENDRICKSON and KOEHLER, JJ., concur.