OPINION
This timely appeal arises from a Belmont County Court of Common Pleas judgment overruling Appellant's motions to continue, accepting his plea of no contest and sentencing him on a violation of R.C. §4511.19(A)(1). For the following reasons, the judgment of the trial court is affirmed in part, reversed in part and this cause is hereby remanded to the trial court for further proceedings.
On August 23, 1997, Appellant, Robert L. Rankin, was stopped by a Flushing, Ohio, police officer for failing to dim his high beam head lamps and for driving left of center. The officer detected a strong odor of alcohol and noticed that Appellant's coordination was very poor. Appellant submitted to field sobriety tests which he failed. Although Appellant was cooperative, he refused a breath test to determine his blood alcohol content. Appellant was then arrested for driving under the influence, driving under suspension, obstructing official business, failure to dim head lamps and violation of the open container laws. On October 1, 1997, the Belmont County Grand Jury indicted Appellant for driving under the influence in violation of R.C. § 4511.19(A)(1) with a multiple prior conviction specification, elevating the charge to a fourth degree felony.
On October 21, 1997, Appellant filed a motion to suppress evidence which the trial court heard on November 3, 1997. By journal entry filed on November 5, 1997, the trial court overruled Appellant's motion. On November 10, 1997, the trial court granted Appellant's first request for a continuance and the case was set for trial on December 16, 1997.
On December 10, 1997, Appellant filed a second motion for continuance, arguing that his material witness, William Hunt, who was Appellant's passenger on the night of his arrest, was a resident of Tennessee and would not be available for trial until December 22, 1997. On December 11, 1997, the trial court filed a journal entry denying Appellant's motion and stating that, "[i]f necessary, a deposition can be taken of [Appellant's] alleged witness who was not formally discovered to the State until [Appellant's] motion to continue."
At trial on December 16, 1997, before a jury was impaneled, Appellant again made a motion for continuance stating that his witness, Lori Neff, who was following Appellant at the time he was stopped by police and who testified at the suppression hearing, was attending to a family emergency in Virginia. As expected, William Hunt also did not appear to testify. The trial court denied the motion, stating that Appellant had not subpoenaed the witnesses and that he was afforded the opportunity to prepare for his defense. Appellant then entered a plea of no contest and preserved the record for appeal. The trial court found Appellant guilty of driving under the influence and guilty of the multiple prior offense specification.
On December 30, 1997, the trial court sentenced Appellant to serve three months in the Belmont County Jail and six months in the East Ohio Correctional Facility. The trial court also sentenced Appellant to community control sanctions and permanently revoked Appellant's driver's license. On January 29, 1998, Appellant filed his notice of appeal. On May 12, 1998, upon Appellant's motion, we stayed the execution of Appellant's jail sentence and fine, but continued his license suspension and ordered Appellant to seek alcohol counseling.
Appellant asserts two assignments of error. His first assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS' DISCRETION AND ERRED BY FAILING TO GRANT A CONTINUANCE OF THE TRIAL TO THE DEFENDANT DUE TO UNAVAILABLE MATERIAL WITNESSES."
Appellant argues that he had legitimate reasons for seeking a continuance due to the fact that one witness, William Hunt, lived out of state and the second witness, Lori Neff, who testified at the suppression hearing, was called out of state due to the impending death of her father. Appellant claims that not only were these witnesses unavailable, they were also material and key to his defense. Appellant also argues that Neff's testimony presented at the suppression hearing could not have been admitted in the trial court because she was not unavailable as defined in Evidence Rule 804(A).
Appellant propounds that the unavailability of either a prosecution or defense witness can be good cause to continue a trial. Appellant argues that foremost in the trial judge's mind should be whether the defendant is deprived of his due process rights, not whether a jury had already been summoned. Appellant states that given the emergency causing the unavailability of one witness, and the short time from arraignment to trial date, Appellant's request for a continuance was reasonable.
Appellee responds that the trial court did not abuse its discretion in overruling Appellant's motion to continue the trial. Appellee states that the trial was originally set for November 6, 1997, and was continued until December 16, 1997. Therefore, according to Appellee, Appellant had more than enough time to secure his witnesses for trial. Appellee maintains that Appellant could have arranged to subpoena or depose Hunt. Appellee also argues that Hunt apparently did not become important as a witness until the day of trial because otherwise, this witness would have testified at the November 3, 1997, suppression hearing. Moreover, Appellee contends that Appellant was not prejudiced by Neff's absence because her sworn testimony from the suppression hearing was admissible under Evid. R. 804(B)(1). Based on the record before us, Appellant's assignment of error as to this issue is without merit.
A trial court has broad discretion to grant or deny a motion for continuance. State v. Powell (1990), 49 Ohio St.3d 255, 259. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Id., 260. Whether the court has abused its discretion depends upon the circumstances, "* * * particularly * * * the reasons presented to the trial judge at the time the request is denied."Id., 259, quoting Ungar v. Sarafite (1964), 376 U.S. 575, 589. A reviewing court must weigh potential prejudice to a defendant against a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. State v. Powell, 259. In evaluating a motion for a continuance, the factors to be considered by the trial court include: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which causes the request for a continuance; and, (6) other relevant factors, depending on the unique facts of each case. State v. Unger (1981), 67 Ohio St.2d 65, 67-68.
In State v. Jackson (1973), 36 Ohio App.2d 164, the court of appeals reversed a trial court's denial of a motion for continuance which the defendant made so that he could subpoena witnesses. The trial court based its decision on the fact that the defendant was not represented by counsel from the time of the arraignment through his trial and that there was no evidence in the record to show that he was given an opportunity to subpoena witnesses. Id., 174-175. In Carter v. Carter (1989),62 Ohio App.3d 167, the court ruled that the trial court did not abuse its discretion in denying a continuance because the length of the continuance sought was of an uncertain duration, the inconvenience to the court and opposing counsel was not minimal because two days of court time had already been committed to the hearing and the appellant contributed to the delay by not subpoenaing the witness earlier. Id., 170-171.
In the present matter, considering the factors set forth in State v.Unger, supra, and considering the courts' decisions in State v. Jackson
and Carter v. Carter, supra, the trial court did not abuse its discretion in denying Appellant's motion for a continuance. Appellant was continuously represented by counsel and there was sufficient opportunity to subpoena any potential witnesses. The trial court granted Appellant's first motion to continue, which set the trial date back from November 6, 1997, until December 16, 1997. Appellee subpoenaed it's witnesses and there were thirty potential jurors present and awaiting Appellant's trial on December 16, 1997. Appellant's counsel failed to subpoena witnesses for the suppression hearing or the trial. His counsel also failed to depose Hunt, whom Appellant did not disclose as a trial witness until the second written motion for continuance. Importantly, when the trial court denied Appellant's oral motion, it stated that, "[t]hese witnesses were not subpoenaed * * * The court has already ruled on the previous written motion for a continuance and stated its reasoning; that reasoning continues to this date." (Tr., 12/16/97, p. 5). As noted earlier, in its December 11, 1997, journal entry denying Appellant's second written motion for continuance, the trial court informed Appellant that he was permitted to depose the out of state witness and stated that, "[t]he court expects defendant to be prepared to proceed to trial on the date appointed."
The circumstances of the present case weighed against granting Appellant's motion for a continuance. Moreover, it is apparent that the trial court placed considerable importance on the fact that Appellant's own omissions greatly contributed to his need for a continuance. Accordingly, we cannot find that the trial court abused its discretion. Therefore, we must overrule Appellant's first assignment of error.
Appellant's second assignment of error states:
 "IF THE TRIAL JUDGE DID NOT ABUSE HIS DISCRETION BY FAILING TO GRANT THE CONTINUANCE, THE DEFICIENCY OF DEFENSE COUNSEL RESULTED IN THE DEFENDANT NOT RECEIVING A FAIR TRIAL AND THE MATTER SHOULD BE REVERSED."
Appellant states that his trial counsel admitted his failure to subpoena either witness for trial and that he incorrectly believed that he had no way of securing an out of state witness for trial. Appellant states that the defense counsel did not have a trial strategy for pursuing this out of state witness and given the fact that Neff, who was also not subpoenaed, was out of state due to a family emergency, he was left with no witness testimony with which to proceed to trial. Appellant argues that by the trial court's ruling and the defense counsel's failure to even attempt to secure witnesses for trial, Appellant was unable to present witnesses at trial who would testify to his driving ability and physical condition. Appellant states that his counsel, "* * * painted [him] into a corner and he had no viable option but to plea, despite his desire to have a trial." (Appellant's Brief, p. 8).
Appellee responds that Neff's absence was not prejudicial, as her suppression hearing testimony was admissible under Evid.R. 804(B)(1). Appellee also argues that the failure to subpoena witnesses is not prejudicial if the testimony of those witnesses simply would have been corroborative. Appellee contends that Hunt's testimony would have only corroborated Appellant's testimony as to his condition and driving behavior at the time of the traffic stop. Therefore, Appellee states the witnesses' failure to appear at trial did not prejudice Appellant.
In reviewing the record before us, we are forced to conclude that this assignment of error has merit.
In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. State v. Reynolds (1998), 80 Ohio St.3d 670, 674, citingStrickland v. Washington (1984), 466 U.S. 668. To demonstrate the first prong of this test, an appellant must show counsel's conduct was objectively deficient by producing evidence that counsel acted unreasonably. State v. Keith (1997), 79 Ohio St.3d 514, 534. In order to meet the second prong, an appellant must prove that but for counsel's errors, there exists a reasonable probability the result of the trial would be different. Id.
As the Ohio Supreme Court stated in State v. Carter (1995),72 Ohio St.3d 545, 558:
 "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Citation omitted.)
As a result, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Thompson (1987), 33 Ohio St.3d 1, 10.
The mere failure to subpoena witnesses is not a substantial violation of an essential duty to a client absent a showing that the testimony of any one or more of the witnesses would have assisted the defense.Middletown v. Allen (1989), 63 Ohio App.3d 443, 448. Failure to subpoena witnesses is not prejudicial if the testimony of those witnesses simply would have been corroborative. Id. The failure to issue subpoenas does not constitute ineffective assistance unless appellant shows how the missing testimony would have changed the result of the proceedings. Statev. Coulter (1992), 75 Ohio App.3d 219, 230.
In the present matter, there is no way to catagorize trial counsel's conduct as a trial tactic. Based on trial counsel's attempt to continue trial to secure the defense witnesses, counsel's obvious strategy was to present these witnesses to contradict the testimony of the arresting officer. The failure to subpoena witnesses is wholly incongruous with such a defense strategy.
We also note that the record is clearly devoid of any potential scientific evidence that Appellant was driving under the influence. It is a matter of record that Appellant refused a breath test to determine his blood alcohol content. In the absence of scientific evidence, the state was obligated to prove the elements of the offense with eye-witness testimony. It was clearly unreasonable for Appellant's trial counsel to fail to subpoena both Hunt and Neff who, based on trial counsel's expressed concern to have them testify, could have provided potentially exculpatory testimony.
We cannot assume, as Appellee would have us do, that the testimony of Hunt and Neff would be cumulative to Appellant's own testimony. Appellee, ignoring the basic tenet of the Fifth Amendment to the United States Constitution that Appellant can not be compelled to testify, assumes that Appellant would have testified had his witnesses been subpoenaed. Given that Appellant chose to not proceed with trial in the absence of his witnesses, it is reasonable to presume that Appellant had no plans to testify himself. Likewise, there can be no presumption that the testimony of Neff and Hunt would be cumulative. Neff was following Appellant and Hunt was riding with Appellant. Thus, their testimony would be based on completely different physical perspectives making their testimony complementary rather than cumulative.
We must also note that with respect to Hunt, trial counsel was ignorant of the fact that an out of state witness may be subpoenaed according to R.C. §§ 2939.25 through .29. This gross oversight resulted in obvious prejudice to Appellant as we have already discussed. Moreover, we must refute Appellee's contention that trial counsel's failure to subpoena Neff was not prejudicial. Appellee argues that Neff's prior testimony was admissible under Evid.R. 804(B)(1). Under that rule, the testimony of a witness given at another hearing of the same proceeding may be admitted at trial if the witness is unavailable. However, Neff was not "unavailable" under the definitions set forth in Evid.R. 804(A). Evid.R. 804(A)(5) provides that a witness is "unavailable" for purposes of the rule if the witness is absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance, or in the case of a hearsay exception under division (B)(2), (3), or (4) of the rule, the declarant's attendance or testimony, by process or other reasonable means. In light of this rule, trial counsel's failure to subpoena Neff as well as a lack of "other reasonable means" to secure her presence at trial was clearly unreasonable. Had trial counsel subpoenaed Neff and she then failed to appear, her prior testimony would have been admissible.
Finally, we must conclude that Appellant was prejudiced by his trial counsel's deficiencies. As noted, there was no scientific evidence collected, leaving the state to prove its case with eye-witness testimony. The credibility of all evidence, including scientific evidence, is a matter for the finder of fact. While it is not undisputed that the outcome of the proceedings could have been different but for counsel's deficiencies, it is certainly reasonable to conclude that Appellant would not have pleaded to the charges and the outcome very well may have been different had a jury heard the testimony of Appellant's witnesses weighed only against the testimony of Appellee's witnesses.
For the foregoing reasons we are compelled to find that Appellant was denied effective assistance of counsel in this matter. We therefore hold that Appellant's second assignment of error has merit. The judgment of the trial court is reversed and this cause is remanded for further proceedings not inconsistent with this judgment and according to law.
HON. CHERYL L. WAITE, HON. GENE DONOFRIO, and HON. JOSEPH J. VUKOVICH.
VUKOVICH, P.J., concurs in part and dissents in part; see concurring in part and dissenting in part opinion.