OPINION
{¶ 1} Defendant-Appellant, William T. Unger, appeals the decision of the Brown County Court of Common Pleas, Domestic Relations Division, denying his motions for continuance and an extension of time, declining to find plaintiff-appellee, Ruth Unger nka Yontz, in contempt, finding that appellant is not entitled to certain credits and expenses, and declining to terminate spousal support.
 {¶ 2} On August 17, 1995, appellee filed a divorce complaint against appellant, and the trial court entered a divorce decree on June 6, 1996. Appellant filed several motions and objections, including a motion requesting that the court find appellee in contempt of court for failing to return several items of personal property as previously ordered by the court. Appellant also filed motions requesting an allowance for certain expenses related to the sale of the marital residence, a termination of the spousal support order, and increased credit for providing health insurance for the parties' children.
 {¶ 3} On September 4, 2001, a magistrate issued a pretrial order, directing the parties to file a witness list on or before September 21, 2001. On October 19, 2001, the court issued notice to the parties that a hearing on appellant's motions would be held on December 27, 2001. On December 1, 2001, appellant filed a motion for continuance in order to obtain counsel for the hearing,[1] and on December 19, 2001 appellant filed a praecipe for subpoenas for several witnesses.
 {¶ 4} At the hearing on appellant's motions, the magistrate denied appellant's motion for continuance, finding that appellant had a substantial amount of time in which to hire legal counsel. The magistrate also denied appellant's oral motion for an extension of time. At that time, the magistrate also quashed appellant's subpoenas, and did not permit appellant to call witnesses, finding that appellant failed to comply with the court's pretrial order by neglecting to file a witness list with the court.
 {¶ 5} The magistrate issued its decision on appellant's motions on February 13, 2003. The magistrate found that appellee should not be held in contempt, because appellant failed to show that appellee was in possession of the property in question. Further, the magistrate found that appellant was not entitled to reimbursements for expenses related to the sale of the marital property, and that appellee was entitled to payments made on her behalf by Robert Yontz, her current husband. Also, the magistrate found that appellant is not entitled to a modification of spousal support, because the court was without jurisdiction to modify the original support award. Finally, the magistrate found that appellant is not entitled to additional credit for health insurance expenses, because he failed to provide evidence of an increase in the expenditures.
 {¶ 6} Appellant timely objected to the magistrate's findings, and the trial court adopted the magistrate's findings in all respects. Appellant appeals the decision of the trial court, raising six assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred in denying defendant Appellant's request for a continuance in order to obtain counsel."
 {¶ 9} Appellant argues that the trial court abused its discretion in denying his request for continuance so that he could obtain counsel. Appellant maintains that based on the facts and circumstances of this case, the court's decision was unreasonable and arbitrary.
 {¶ 10} A trial court has broad discretion when determining whether to grant or deny a motion for continuance. State v. Unger (1981),67 Ohio St.2d 65, 67. Absent an abuse of discretion, a trial court's denial of a motion for continuance will not be reversed. Id. To find abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In ruling on a motion for continuance, the trial court may consider factors such as the length of the delay requested, prior requests for continuances, the inconvenience to the parties, witnesses, counsel, and the court, whether the movant contributed to the circumstances giving rise to the request, and other relevant factors.State v. Landrum (1990), 53 Ohio St.3d 107, 115; Carter v. Carter
(1989), 62 Ohio App.3d 167, 170. A reviewing court must find every reasonable presumption in favor of the trial court's judgment and findings of fact. Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7.
 {¶ 12} According to the record, appellant became aware of the December 27, 2001 hearing at least two months before it was to take place. However, appellant did not notify the court that he could no longer represent himself until December 1, 2001. Further, the record indicates that appellant acted pro se in this matter because he chose to terminate the services of his previous five attorneys.
 {¶ 13} In its decision, the magistrate found that, given appellant's notice as to the date of the hearing, he had a substantial amount of time in which to hire counsel, and that a further continuance would not be justifiable. After reviewing the record, we agree with the magistrate's findings. The trial court did not abuse its discretion in adopting the magistrate's finding that the circumstances of this case did not justify a continuance. Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "The trial court erred in denying defendant-appellant's request for an extension of time of the pretrial order."
 {¶ 16} Appellant argues that the trial court abused its discretion in denying his request for an extension of time so that he could comply with the court's pretrial order of September 2, 2001. Appellant claims to have been unaware of this pretrial order by virtue of his being pro se at the time the court issued the order. Appellant maintains that the trial court abused its discretion in quashing his subpoenas for witnesses at the hearing and for not allowing him to call witnesses.
 {¶ 17} A trial court has broad discretion in determining whether to grant a motion for an extension of time, and the court's decision will not be reversed on appeal absent an abuse of discretion. Banc OneFinancial Services v. Hancock (Nov. 2, 1998), Clermont App. No. CA98-02-015 at 4, citing Miller v. Lint (1980), 62 Ohio St.2d 209, 213-214.
 {¶ 18} According to Civ.R. 6(B):
 {¶ 19} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."
 {¶ 20} The proper standard by which a trial court is required to analyze a request for an extension of time is, as set forth in the rule, that of excusable neglect. Marion Production Credit Assn. v. Cochran
(1988), 40 Ohio St.3d 265, 271. Therefore, it must appear from the record that the moving party made a showing of excusable neglect. CincinnatiSpring Service v. Meister Sand Gravel (June 3, 1991), Butler App. No. CA90-06-112, CA90-06-126, at 4, citing Miller, 62 Ohio St.2d at 214.
 {¶ 21} At the hearing, the magistrate quashed subpoenas appellant had issued to several potential witnesses, and refused to allow appellant to call any witnesses other than the parties. The magistrate reasoned that appellant had failed to follow a pretrial order requiring all parties to file witness lists with the court and to serve such lists upon the opposing party. According to the last paragraph of the order: "[f]ailure to comply with these orders can result in a witness being barred from testifying in this matter as well as other sanctions."
 {¶ 22} The record indicates that the court issued the pretrial order on September 4, 2001 and mailed the order to appellant on September 8, 2001. Appellant's pro se status does not warrant finding excusable neglect when the evidence indicates that the court notified appellant of its order and the potential sanctions for failing to comply with the order. Pro se litigants are subject to the same rules and procedures as counsel, and they must accept the results of their own mistakes and errors. See Meyers v. First National Bank (1981), 3 Ohio App.3d 209. Nothing in the record indicates that the magistrate's decision was arbitrary or unreasonable, and the trial court did not abuse its discretion in relying on the magistrate's findings. Appellant's second assignment of error is overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "The trial court erred in failing to find the plaintiff in contempt for her failure to return defendant's items of personal property as she had previously been ordered by the court."
 {¶ 25} Appellant argues that based on the facts and circumstances of this case, the trial court abused its discretion in not finding appellee in contempt for failing to return several items of personal property to appellant. Appellant maintains that appellee prevented him from retrieving an anvil, a stereo, tools, and other items of personal property and such violation is in violation of a prior court order.
 {¶ 26} The standard of review of a trial court's decision on a contempt motion is abuse of discretion. See State ex rel. Ventrone v.Birkel (1981), 65 Ohio St. 2d 10; Allen v. Allen, Franklin App. No. 02AP-768, 2003-Ohio-954. To find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore,5 Ohio St.3d at 219.
 {¶ 27} After hearing the testimony of the parties, the magistrate found that there was no evidence that appellee still possessed any of appellant's property. The magistrate found that appellee complied with all court orders, and that she should not be found in contempt. The trial court adopted the magistrate's findings and recommendations, and held that it could find no basis for finding appellee in contempt. The court further held that it could find no basis upon which to order appellee to compensate appellant for the value of any of these items of personal property.
 {¶ 28} After reviewing the record, we agree with the trial court's decision to rely on the magistrate's findings and recommendations. The trial court did not abuse its discretion in not finding appellee in contempt, as the record supports the magistrate's findings. Appellant's third assignment of error is overruled.
 {¶ 29} Assignment of Error No. 4:
 {¶ 30} "The trial court erred in dissalowing [sic] defendant-appellant's expenses in regard to the sale of the marital residence and for crediting plaintiff with payments made by a third party."
 {¶ 31} Appellant argues that he incurred several liens and expenses based on appellee's refusal to purchase the marital residence. Appellant claims that the trial court abused its discretion in failing to deduct those amounts from appellee's share of the marital property. Also, appellant maintains that the trial court abused its discretion in giving appellee credit for mortgage payments made by her current husband.
 {¶ 32} A review of a trial court's division of marital property is also an abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292. We cannot substitute our judgment for that of the trial court, unless when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 33} The trial court found that appellee is entitled to reimbursement for payments she and her current husband made on the marital residence mortgage in the amount of $14,628.88. The court found that although appellee's husband may have made some of those payments, he clearly made them on appellee's behalf.
 {¶ 34} After reviewing the record, we find that the evidence supports the trial court's findings. The record indicates that although appellant was ordered to make payments on the mortgage, appellee and her current husband made several payments on the mortgage in the amount of $14,628.88. We find appellee is entitled to credit for those payments, as appellant has failed to present evidence disputing the amounts appellee and her husband have paid on the mortgage. We find that appellee's husband made some of the payments before he married appellee, but that he made those payments on appellee's behalf.
 {¶ 35} Also, we find that the trial court did not abuse its discretion in refusing to give credit to appellant for expenses he incurred based on appellee's decision not to purchase the marital residence. The evidence indicates that although appellee and her current husband at one time wanted to purchase the marital residence, they were under no obligation to do so. According to the record, the reasons appellee and her husband decided not to purchase the home was based on the parties' inability to reach an agreeable selling price, and because appellant has appealed various aspects of the original divorce decree. Appellant has failed to demonstrate how the trial court abused its discretion in finding that appellant is not entitled to a credit for these expenses. Appellant's fourth assignment of error is overruled.
 {¶ 36} Assignment of Error No. 5:
 {¶ 37} "The trial court erred in failing to terminate spousal support for the reason that plaintiff-appellee had remarried."
 {¶ 38} Appellant argues that the trial court erred in refusing to terminate the original spousal support order, since appellee remarried within one year after the divorce. Appellant maintains that the trial court abused its discretion in finding that it was without jurisdiction to modify or terminate the spousal support order.
 {¶ 39} According to R.C. 3105.18(E):
 {¶ 40} "[T]he court that enters the decree of a divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless * * * [i]n the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 41} Appellant claims that based on our decision in Whiteside v.Fowle (Sept. 3, 1996), Madison App. No. CA96-03-014, his obligation to pay support terminated as a matter of law when appellee remarried.
 {¶ 42} In Whiteside, we held that according to the Ohio Supreme Court's decision in Dunaway v. Dunaway (1990), 53 Ohio St.3d 227:
 {¶ 43} "[A]n obligation to make continued spousal support payments after a dependant spouse remarries is against public policy unless the support is part of a property settlement, the payment is related to child support, or the parties' separation agreement expressly provides for the continuation of spousal support." Whiteside, Madison App. No. CA96-03-014 at 4-5.
 {¶ 44} However, in Kimble v. Kimble, 97 Ohio St.3d 424, 2002-Ohio-6667, the Ohio Supreme Court stated:
 {¶ 45} "In Dunaway, the ex-husband challenged his obligation to continue to pay an indefinite sustenance award after his ex-wife remarried. At the time the parties were divorced, statutory law was silent as to when a trial court has jurisdiction to modify a spousal support award. * * * Therefore, based strictly upon public-policy principles, we found that the ex-wife's remarriage terminated her indefinite alimony award. However, the General Assembly subsequently amended R.C. 3105.18(E), applicable to actions on or after May 2, 1986. Since this appeal involves a post 1986 divorce, we can no longer rely on the policy set forth in Dunaway, which conflicts with and is superseded by statute."
 {¶ 46} Pursuant to R.C. 3105.18(E), and the Ohio Supreme Court's decision in Kimble, a trial court has the authority to modify or terminate an order for alimony only if the divorce decree contains an express reservation of jurisdiction. Kimble, 97 Ohio St.3d at 426. We find that since the trial court did not reserve jurisdiction over the matter of spousal support, the court lacked authority to terminate the award. Appellant's fifth assignment of error is overruled.
 {¶ 47} Assignment of Error No. 6:
 {¶ 48} "The trial court erred in failing to allow defendant to have full credit for the health insurance paid for providing health insurance for the parties [sic] minor children."
 {¶ 49} Appellant argues that the trial court abused its discretion when it did not give him full credit for health insurance that he provided for his minor children. Appellant maintains that because the magistrate proceeded with the hearing while he was acting pro se, the magistrate should have made further inquiry into appellant's financial position and expenditures he made for his children's health care.
 {¶ 50} In its decision, the trial court found, based on the testimony and evidence before the magistrate, appellant's credit for health insurance expenditures was appropriate. The magistrate found that the only evidence appellant submitted with respect to health care expenditures was that he provided health insurance for the children at a cost of $90 per month in 2002. Further, the magistrate found that appellant did not submit evidence as to what he paid for health insurance in 1999.
 {¶ 51} Despite appellant's assertions to the contrary, pro se litigants are presumed to have knowledge of the law and of correct legal procedure, and are held to the same standard as all other litigants.Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363. A pro se litigant cannot expect or demand special treatment from a magistrate, who sits as an impartial trier of the facts. Id. The magistrate was under no obligation to assist appellant in eliciting information regarding appellant's financial expenditures. We find that the trial court did not abuse its discretion in relying on the magistrate's findings that appellant is not entitled to an increased credit for health expenditures. Appellant's sixth assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Valen, J., concur.
[1] On May 21, 1999 appellant terminated his counsel of record and elected to represent himself.