JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant Miklos Konyves("Appellant") appeals from the trial court overruling his objections to the decision of the magistrate, denying his Motion for Production of Transcript to be taxed as costs, and denying Appellant's Motion to Submit Affidavit in Support of Objections. For the reasons set forth below, we affirm.
 {¶ 2} The relevant facts are as follows. On September 5, 1996, the Appellant was determined to be the natural father of Eva Marie Konyves. On October 7, 1996 an administrative support order was established and the Appellant was ordered to pay the sum of $578.58 per month plus two percent process fee for current support of the minor child.
 {¶ 3} On March 22, 1999, the Appellant was found in contempt of the child support order and ordered to purge the contempt by the payment of $2,000.00 and agreed to a modification of child support based upon a finding that his earnings were $52,000.00 per year. The order reduced the monthly payment to $485.04 per month plus a processing fee together with $50.00 per month plus processing fee to be paid toward the arrearage.
 {¶ 4} On July 18, 2001, Appellant filed a Motion to Modify Support, alleging that he was involuntarily terminated from his employment. The matter came for trial on July 17, 2002 before the magistrate, to whom the matter had been referred by the trial court. In the magistrate's decision, dated October 24, 2002, the magistrate denied Appellant's motion, finding that the Appellant was voluntarily unemployed and imputing income to him of $52,000.00 per year. Appellant filed a Motion for Findings of Fact and Conclusions of Law and on December 16, 2002, the magistrate filed a Findings of Fact and Conclusions of Law.
 {¶ 5} On December 30, 2002, Appellant timely filed his Objections to the Magistrate's Decision with Findings of Fact and Conclusions of Law to the trial court, but did not include a transcript of the proceeding. In his objections, Appellant objected to the magistrate denying a one-hour delay in the trial so that Appellant could allegedly retrieve documents left at home. Additionally, he objected to the magistrate's decision that he was voluntarily unemployed and to imputing income to him in the amount of $52,000.00.
 {¶ 6} On December 30, 2002, Appellant also filed a motion requesting additional time to file additional objections and one for production of the transcript to support the objections, requesting that the trial court enter an order that the transcript be taxed as costs. Soon thereafter, Appellant also filed a Motion to Submit Affidavit in Support of Defendant's Objections to Decision of Magistrate. Ultimately, the trial court granted Appellant additional time to file the transcript, but denied his request to prepare the transcript at state's expense. On November 15, 2004, the trial court approved the magistrate's decision, overruled the Appellant's objections and denied Appellant's Motion to Submit Affidavit.
 {¶ 7} Appellant now appeals each of the trial court's rulings and submits five assignments of error for our review. In the interests of convenience we will address the first and second assignments of error together.
 {¶ 8} The first assignment of error states:
 {¶ 9} "The trial court erred in overruling the Appellant's objections to the magistrate's decision when the magistrate's decision failed to make adequate findings of fact to properly allow the court to review her decision of December 16, 2002, where the Appellant's exhibits clearly demonstrated he had been involuntarily terminated from his employment at Cisco Systems."
 {¶ 10} The second assignment of error states:
 {¶ 11} "The trial court erred in overruling Appellant's objections to the magistrate's decision finding that Appellant's potential income was fifty-two thousand dollars ($52,000.00) per year pursuant to Ohio Revised Code Section 3119.01(C)(11)(a) when the magistrate's decision failed to provide any information regarding the factors considered in arriving at a conclusion regarding the Appellant's potential income."
 {¶ 12} In the present case, Appellant filed objections to the decision of the magistrate in regards to the trial for the Motion to Modify Support. The trial court overruled those objections and adopted and approved the magistrate's decision. Appellant now contends that the trial court erred in overruling his objections to the magistrate's decision and in imputing income to him. Appellant, however, did not provide the trial court with any evidence from the record to support his objections to the magistrate's decision.
 {¶ 13} Civ.R. 53(E)(3)(c) provides, as to the form of objections, that:
 {¶ 14} "* * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 15} In this matter, Appellant has failed to file a copy of the transcript of the trial regarding the Motion to Modify Support. Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of fact made by the magistrate. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. InKnapp, the Ohio Supreme Court stated as follows:
 {¶ 16} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See, also, State v. Skaggs (1978), 53 Ohio St. 2d 162. This principle is recognized in App. R. 9(B), which provides, in part, `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'
 {¶ 17} Because assignments of error I and II assert disputes as to the magistrate's factual findings, Appellant must present this court with the transcript of the proceedings. In this case, Appellant failed to provide the transcript of the trial even though the transcript was available.[1]
Accordingly, Appellant cannot demonstrate the claimed error, and this court must presume the regularity of the trial court proceedings as well as the validity of its judgment. Therefore, Appellant's first and second assignments of error lack merit.
 {¶ 18} The third assignment of error states:
 {¶ 19} "The trial court erred in overruling Appellant's objections to the magistrate's decision when it failed to find that the magistrate's decision to deny the Appellant's request for a one-hour noon time recess in order to retrieve documents which he had inadvertently left at home was arbitrary and capricious and denied the Appellant the right to due process of law."
 {¶ 20} A trial court has broad discretion when ruling upon a motion for a continuance. State v. Unger (1981), 67 Ohio St.2d 65, 67,423 N.E.2d 1078. Thus, a trial court's denial of a motion for a continuance will be reversed on appeal only if the trial court abused its discretion. Id.
 {¶ 21} In ruling upon a motion for a continuance, "the trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant." Sayre v. Hoelzle-Sayre (1994),100 Ohio App.3d 203, 208, 653 N.E.2d 712. "The trial court may consider factors such as the length of the delay requested, prior requests for continuances, the inconvenience to the parties, witnesses, counsel, and the court, whether the movant contributed to the circumstances giving rise to the request, and other relevant factors."Unger v. Unger, Brown App. No. CA2003-10-013, 2004-Ohio-7136, citingState v. Landrum (1990), 53 Ohio St.3d 107, 115, 559 N.E.2d 710; Carterv. Carter (1989), 62 Ohio App.3d 167, 170, 574 N.E.2d 1154.
 {¶ 22} In his third assignment of error, Appellant asserts that trial court erred in overruling his objections to the magistrate's decision denying Appellant a continuance to retrieve documents he inadvertently left at home. Again, Appellant has failed to provide a transcript substantiating his assertions. Nevertheless, we cannot conclude that the trial court acted outside its discretion. Appellant claims he requested an hour break for lunch so that he could return and obtain papers from his home. We find that it was completely within the trial court's discretion to deny such a delay, as it was the result of the Appellant's unpreparedness. Additionally, the matter had been continued on three previous instances, thereby delaying the proceeding for nearly one year. Therefore, we find that the trial court did not abuse its discretion in denying the Appellant a continuance. Appellant's third assignment of error is without merit.
 {¶ 23} Appellant's fourth assignment of error states:
 {¶ 24} "The trial court erred in denying both Appellant's motion for production of the transcript and Appellant's motion to submit affidavit in support of objections to the magistrate's decision when the affidavit and exhibits attached thereto unequivocally supported Appellant's involuntary termination from his employment with Cisco Systems and efforts to find new employment."
 {¶ 25} In his fourth assignment of error, Appellant first maintains that the trial court erred in denying his motion for production of transcript. He asserts that he could not afford the cost of preparing the trial transcript, and thus, requested that the transcript be taxed as costs. Appellant, however, has presented no authority to support his right to said transcript being taxed as costs, nor does he present any evidence, besides his self-serving statement that he cannot afford the transcript, to support the need for the transcript to be taxed as costs. In fact, the magistrate found that the Appellant's income should be imputed to $52,000.00 a year. Therefore, it could be determined, based on the facts determined by the magistrate, that the Appellant could have afforded the cost of the transcript. Accordingly, we find the trial court properly denied Appellant's request to have the transcript taxed as costs.
 {¶ 26} Appellant also asserts in this assignment of error that the trial court erred in denying his Motion to Submit Affidavit in Support of Objections to Magistrate's Decision.
 {¶ 27} Civ.R. 53(E)(3)(c) governs objections to a magistrate's decision and states that "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Thus, a party may support his objections with an affidavit in lieu of a transcript only if he establishes that atranscript is unavailable. Weitzel v. Way, Summit App. No. 21539, 2003-Ohio-6822. Moreover, if a party fails to properly support his objections to the magistrate's decision with a transcript of the hearing before the magistrate, the trial court must accept all of the magistrate's findings of fact as true and review only the magistrate's legal conclusions in light of the facts determined by the magistrate.Wilms v. Herbert, Lorain App. No. 04CA008525, 2005-Ohio-2, citing Conleyv. Conley, Summit App. No. 21759, 2004-Ohio-1591.
 {¶ 28} Here, there is no indication that the transcript was unavailable. In fact, by requesting the transcript be taxed as costs, which request was denied, it can be presumed that the transcript was available and that Appellant failed to obtain such transcript. Thus, pursuant to Civ.R. 53(E)(3)(c), an affidavit was not properly filed to support Appellant's objections to the magistrate's decision because a transcript was available. Accordingly, Appellant's fourth assignment of error is without merit.
 {¶ 29} Appellant's fifth assignment of error states:
 {¶ 30} "The trial court erred in denying Appellant's motion to submit affidavit in support of his objections to the magistrate's decision in part because the affidavit contains more evidence than presented at the hearing before the magistrate, where the magistrate arbitrarily and capriciously denied the Appellant an additional half-hour noon time recess to return to his home to retrieve documents he had inadvertently forgotten."
 {¶ 31} As stated previously, a transcript of the trial regarding the Motion to Modify Support was available. Thus, pursuant to Civ.R. 53(E)(3)(c), because Appellant has failed to present any evidence that the transcript was unavailable, Appellant's affidavit was not properly filed to support Appellant's objections to the magistrate's decision. Accordingly, the trial court did not abuse its discretion in denying Appellant's Motion to Submit an Affidavit. Appellant's fifth assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., concurs. Mcmonagle, J., concurs. (see attached concurringopinion)
[1] Appellant maintains that he could not afford the cost to prepare the transcript, and therefore, the transcript was unavailable. In Appellant's fourth assignment of error, we find this argument lacks merit. Therefore, we find that the transcript was available to the Appellant.