ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
 {¶ 2} Plaintiff-appellant, Trucks, Inc., appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 3} According to the facts, plaintiff-appellant's sole representative, Junior Jay, was involved in an agreement to deliver trucks for defendant-appellee, Valley Ford Truck Sales, Inc. Joseph Orlinski represented Valley Ford Truck Sales, Inc. in the agreement. The oral agreement was made sometime around March 21, 2003. The agreement called for Jay's organization, Trucks, Inc., to pick up and deliver a total of 19 trucks in exchange for a payment of $12,500.
 {¶ 4} The agreement provided that appellant relocate the trucks from their previous locations to Ohio. The majority of the trucks were located in Houston, Texas and Stockton, California, with a couple in Chicago, Illinois. The transfer price per unit would range between $800 and $900. Jay began transporting the units on April 5, 2003. However, Jay subcontracted delivery of the vehicles to Schultz International, a common carrier, without appellee's knowledge.
 {¶ 5} Jay acknowledged that 14 days was a reasonable delivery time for the vehicles. John Melbin, a used truck dealer/broker with over 15 years in the industry, stated that a reasonable delivery time for transporting the units was 10 to 14 days. Jay was unable to state the date of the final delivery and acknowledged that the units were still being delivered in May 2003.
 {¶ 6} According to the affidavits filed with the trial court, Brian Davis of Shaker Auto Lease testified that Shaker Auto Lease's customer threatened to cancel its contract to purchase the vehicles if they were not delivered by Monday, April 21, 2003. Davis further testified that in order to save the deal with its customer, Valley Ford Truck Sales, Inc. had to deduct $5,900 off of the purchase of nine vehicles purchased by Shaker Auto Lease for its customer, Maxim Crane Works.
 {¶ 7} According to the case, the trial court magistrate filed his decision on January 4, 2005. Appellee then filed its objection to the magistrate's decision. However, because of a court error, the proceedings were not recorded at the municipal court; thus, there was no transcript. On March 15, 2005, the lower court held a status conference in order to determine the best way to proceed in light of the municipal court error.
 {¶ 8} The court decided that both parties should submit affidavits regarding the evidence presented at trial. Both parties complied and submitted affidavits based upon the evidence and the trial. On July 14, 2005, the municipal court judge modified the magistrate's decision and issued his final judgment entry in favor of appellee. Appellant then filed his appeal with this court on August 25, 2005. Appellant argues that the trial court's decision should be reversed because there was not a transcript, the judgment was against the manifest weight of the evidence, and the decision to modify the award was an abuse of discretion.
 II. {¶ 9} Appellant's first assignment of error states the following: "The trial court's final judgment entry of July 13, 2005, was against the manifest weight of the evidence."
 {¶ 10} Appellant's second assignment of error states the following: "The trial court's modification of the magistrate's decision without a transcript was an abuse of discretion."
 III. {¶ 11} Because of the substantial interrelation of appellant's assignments, we shall address them together below.
 {¶ 12} The decision to adopt, reject or modify a referee's report will not be reversed on appeal unless the decision was an abuse of discretion, which has been defined as "* * * more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.)
 {¶ 13} Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219; see, also, Wade v. Wade (Aug. 9, 1996), Lake App. No. 95-L-189.
 {¶ 14} On appellate review, to the extent that the trial court's determination rests upon findings of fact, those findings will not be overturned unless they are against the manifest weight of the evidence. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279. In reviewing a trial court's disposition of objections to a magistrate's report, an appellate court will not reverse the trial court's decision if it is supported by some competent, credible evidence. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 15} Civ.R. 53(E)(3)(c) provides, as to the form of objections to a magistrate's decision, that any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or anaffidavit of that evidence if a transcript is not available.Magar v. Konyves, Cuyahoga App. No. 85832, 2005-Ohio-5723.
 {¶ 16} Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of fact made by the magistrate. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.
 {¶ 17} "Regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the referee's findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the referee's findings of fact." Hearn v. Broadwater (Aug. 4, 1995), Lake App. No. 94-L-132.
 {¶ 18} According to the judgment entry in the case at bar, the trial court found the following facts:
"Junior Jay acknowledged that a commercially reasonabledelivery time for delivery of the subject vehicles was fourteen(14) days. He acknowledged receiving a telephone call from JoeOrlinski, defendant's representative, to the effect that allvehicles must be delivered by Monday, April 21, 2003.
"* * *
"Since the performance period of the contract was undefined,it is implied by law that the parties intended and agreed thatperformance will take place within a reasonable time. Thesurrounding conditions and circumstances which the partiescontemplated at the time the contract was executed determinedwhat constituted a reasonable time for the performance of thiscontract. Based on the testimony of Junior Jay, a representativeof plaintiff, and John Melbin, a used truck dealer/broker, thecourt finds that a reasonable time for delivery of the subjectvehicles was fourteen (14) days.
 "Plaintiff performed its obligations under the agreement and abalance of $6,100.00 remains due under the terms of the contract.However, the performance of its obligation, i.e., delivery of thevehicles, was not performed in a reasonable time as contemplatedby the parties at the time the agreement was reached based on thesurrounding conditions and circumstances, as evidenced by thetestimony. Defendant did receive the benefit for which itbargained, i.e. delivery of its vehicles, but in the processreduced the sum it was to be paid by Shaker Auto Lease, itscustomer, in the amount of $5,900.00 to save the deal. Theadditional expense incurred by defendant in the amount of$5,900.00 is directly related to the failure of plaintiff toperform within a reasonable time and defendant is entitled to aset-off in that amount."
 {¶ 19} A reasonable time for the performance of a contract is not measured by hours, days, weeks, months or years, but is to be determined from the surrounding conditions and circumstances which the parties contemplated at the time the contract was executed. Miller v. Bealer (May 20, 1992), Wayne App. No. 2689.
 {¶ 20} The evidence in the case at bar demonstrates that appellant failed to timely perform its end of the bargain. Appellant acknowledged that all of the vehicles were not delivered within two weeks. The vehicles were still in the process of being transported to their destination when the nonparty customer threatened to cancel for nondelivery. Because of appellant's actions, Valley Ford Truck Sales, Inc. was forced to either cancel the remaining shipments and suffer a loss, or attempt to salvage the deal by offering a reduction in price for late delivery. The trial court's actions were proper and adequately supported by the evidence.
 {¶ 21} We find that the trial court's final judgment entry of July 13, 2005, was not against the manifest weight of the evidence. Moreover, we find that the trial court's modification of the magistrate's decision does not constitute an abuse of discretion on the part of the trial court.
 {¶ 22} Accordingly, appellant's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Kilbane J., concur.