JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Bertha L. Washington, by L. Mitchell, Attorney and Guardian ("plaintiff"), appeals from a decision of the Cuyahoga County Court of Common Pleas which granted summary judgment in favor of defendant-appellee Concordia Care ("Concordia") and barred plaintiff from recovery based upon the doctrine of res judicata. For the following reasons, we affirm.
 {¶ 2} A review of the record reveals the following: On July 29, 2002, Luann Mitchell ("Mitchell") filed on behalf of her ward, Bertha Washington ("Mrs. Washington"), a complaint against Concordia and a number of other defendants for malpractice, defamation, and breach of contract ("Washington I").[1] Specifically, Mitchell alleged that while enrolled in Concordia's facility and/or care, Mrs. Washington was subjected to substandard medical care and treatment and that Concordia failed to honor the contractual terms and obligations of the enrollment contracts.
 {¶ 3} On September 13, 2002, Concordia filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6). In addition, all of the other defendants named in plaintiff's complaint filed their own motions to dismiss and motions for summary judgment. Mitchell did not oppose Concordia's motion to dismiss or any of the other dispositive motions.
 {¶ 4} On March 10, 2003, the trial court granted all of the unopposed motions to dismiss and for summary judgment filed by all of the defendants. Specifically, the trial court stated the following, in pertinent part:
 {¶ 5} "After a careful review of Plaintiff's Complaint, this Court finds none of the elements necessary to support a claim for breach of contract. Therefore, this case is dismissed pursuant to Civil Rule 12(B)(6)."
 {¶ 6} The journal entry specified that the dismissal was with prejudice and final. Mitchell did not appeal the dismissal.
 {¶ 7} On September 23, 2003, Mitchell filed another complaint against Concordia, alleging that Concordia failed to redress contractual breaches inflicted upon Mrs. Washington. In response, Concordia filed an answer and counterclaim for the value of medical equipment which Mitchell had refused to return to Concordia following Mrs. Washington's disenrollment from Concordia.
 {¶ 8} On November 26, 2003, Concordia filed a motion for summary judgment claiming that Mitchell was barred under the doctrine of res judicata from pursuing a breach of contract action against it.
 {¶ 9} On December 11, 2003, Mitchell filed a motion to strike, a motion to dismiss, and a motion for more definite statement, all of which were directed at Concordia's counterclaims. Mitchell also filed a motion for a 30-day extension of time to respond to Concordia's motion for summary judgment. Finally, Mitchell filed an untimely[2] "suggestion of death" accompanied by a death certificate, which showed that Mrs. Washington died on November 6, 2003.
 {¶ 10} On January 20, 2004, the trial court granted Concordia's motion for summary judgment upon finding no genuine issues of fact on the issues of breach and prejudice. Specifically, the trial court found that "[p]ursuant to this Court's ruling in Cuyahoga County Court of Common Pleas Case No. 477235 granting summary judgment and dismissal of this case with prejudice on 3-10-03, this case, Case No. 510993 is hereby dismissed."
 {¶ 11} It is from this judgment that plaintiff now appeals and raises five assignments of error, which will be discussed out of order and together where appropriate.
 {¶ 12} "I. The trial court erred in granting summary judgment against the plaintiff-appellant.
 {¶ 13} "III. The trial court erred in denying the complaint of plaintiff-appellant based on a prior entry and not making a new determination on the facts and allegations contained in the plaintiff-appellant's then pending complaint."
 {¶ 14} In these assignments of error, Mitchell argues that the trial court erred in granting Concordia's motion for summary judgment because there are questions as to whether the doctrine of res judicata applied to her breach of contract claim against Concordia.
 {¶ 15} We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. "De novo review means that this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 16} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 17} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 18} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Concordia's favor was appropriate.
 {¶ 19} A valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous matter. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381.
 {¶ 20} A dismissal with prejudice is an adjudication upon the merits for purposes of the doctrine of res judicata and bars a subsequent action. Briggs v. Cincinnati Rec. Comm. (1998), 132 Ohio App.3d 610;Tower City Prop. v. Cuyahoga Cty. Bd. of Rev. (1990), 49 Ohio St.3d 67, 69. An unappealed judgment is res judicata in subsequent litigation. Sturgillv. Sturgill (1989), 61 Ohio App.3d 94.
 {¶ 21} Here, the trial court's dismissal with prejudice of "Washington I" operated as an adjudication on the merits of the case. See Tower CityProp., supra. Since Mitchell failed to appeal the Civ.R. 12(B)(6) dismissal she sustained in "Washington I," she is bound by the "Washington I" judgment, which remains valid and final. See App.R. 4 andSturgill, supra.
 {¶ 22} In "Washington I," the trial court dismissed the entire case against Concordia. Contrary to Mitchell's assertion that the trial court did not dismiss her breach of contract claim, the judgment entry clearly addressed and dismissed this claim. (See pps. 4-5 of the trial court's journal entry). Accordingly, res judicata applied to bar Mitchell's subsequent action for breach of contract, and the trial court did not err in granting summary judgment in favor of Concordia, because no triable issue of fact remains with respect to whether Mitchell's action is barred by the doctrine of res judicata.
 {¶ 23} Assignments of Error I and III are overruled.
 {¶ 24} "II. The trial court erred in denying the continuance requested by the plaintiff-appellant after filing a notice of suggestion of death."
 {¶ 25} In this assignment of error, Mitchell argues that the trial court abused its discretion in denying her motion for an extension of time to file her brief in opposition to Concordia's motion for summary judgment.
 {¶ 26} Pursuant to Civ.R. 56(F), a party opposing a motion for summary judgment may obtain a continuance pursuant to Civ.R. 56(F) by submitting affidavits which state a factual basis and which provide sufficient reasons for the lack of supporting affidavits and the need for additional time to permit affidavits to be obtained or further discovery to be had.Gates Mills Investment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155,168-169. A trial court has discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F), and its decision will not be overruled absent an abuse of discretion. Id.
 {¶ 27} Under the circumstances presented in this case, we find that Mitchell has failed to establish that the trial court abused its discretion by denying her request for an extension. First, the record reflects that the trial court granted Concordia's motion for summary judgment 35 days after Mitchell's request for a 30-day extension. Second, to the extent that Mitchell suggests that she needed the additional time due to the death of Mrs. Washington, her request does not even mention the suggestion of death. Indeed, her motion was not even accompanied by a Civ.R. 56(F) affidavit. See State ex rel. Coulverson v.Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12, 14 (a court can not act pursuant to Civ.R. 56(F) where no affidavit is presented to support the request for an extension). Considering all of these factors, we cannot say the trial court's decision was arbitrary, unreasonable, or unconscionable.
 {¶ 28} Assignment of Error II is overruled.
 {¶ 29} "IV. The trial court erred once it dismissed the case with prejudice on January 16, 2004 then proceeded to make various assigns of further determination after the court had dismissed the case `with prejudice' without any addressing of reinstatement prior to the subsequent determinations of the court, including a granting of summary judgment with attorney fees without authority as no case was then pending.
 {¶ 30} "V. The entry of the trial court on January 20, 2004 and January 22, 2004 was null and void and was otherwise without authority as the trial court had previously dismissed the pending matter with prejudice as a final entry on January 16, 2004."
 {¶ 31} In these assignments of error, Mitchell argues that any orders made by the trial court after January 16, 2004 are null and void. We disagree.
 {¶ 32} In Ohio, a court speaks through its journal entries. State v.King (1994), 70 Ohio St.3d 158, 162. Mitchell attaches a copy of the appearance docket, which shows that on January 16, 2004, a notice was issued that the case was dismissed with prejudice. However, the official record before this Court does not contain this docket. Indeed, there is nothing in the official record to indicate that the trial court made any rulings on January 16, 2004. There is, however, a journal entry dated January 20, 2004, in which the trial court granted Concordia's motion for summary judgment and dismissed the case.
 {¶ 33} Finding no merit to Assignments of Error IV and V, they are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Corrigan, J., Concur.
[1] Cuyahoga County Court of Common Pleas Case No. CV-477235.
[2] Pursuant to Civ.R. 25(E), Mitchell was required to file the suggestion of death by November 20, 2003.