OPINION
{¶ 1} Defendant-appellant, David J. Sheets, appeals a decision of the Clermont County Court of Common Pleas granting default judgment against Travel Center, Inc. and a decision granting summary judgment to plaintiff-appellee, Ralph J. Vilardo, Sr. For the reasons outlined below, we affirm the decisions of the trial court.
 {¶ 2} On August 16, 2004, Ralph Vilardo made arrangements with Travel Center, Inc. to purchase a trip to Florida for December 2004 to celebrate his 50th wedding anniversary. David Sheets, the sole owner and proprietor of Travel Center, Inc., accepted Vilardo's $6,900 payment covering airfare and accommodations for Vilardo's family. From the date of purchase to the commencement of this action, Sheets falsely assured Vilardo that all travel arrangements and reservations were properly set. No arrangements were ever made.[1]
 {¶ 3} On August 24, 2004, Vilardo paid Travel Center, Inc. $195 to secure an airline ticket and related services for travel to Florida in February 2005. Again, Sheets maintained that he had consummated the transaction and arranged the necessary reservations, when in fact he failed to make any arrangements.
 {¶ 4} Vilardo also noticed two unauthorized transactions on the credit card he had provided to Sheets. Dated November 9, 2004, these two charges were made to U.S. Airways Vacations for travel services totaling $1,182.35. Vilardo neither requested nor consented to these two transactions.
 {¶ 5} On January 18, 2005, Vilardo filed a complaint against Sheets individually as well as Sheets d/b/a Travel Center, Inc., Travel Center, Travel Artists, Inc., Travel Artists, Travel House, Inc., and Travel House (collectively, "Sheets"). The complaint also asserted claims against the business entity Travel Center, Inc., d/b/a Travel Center, Travel Artists, Inc., Travel Artists, Travel House, Inc., and Travel House (collectively, "Travel Center, Inc."). The complaint alleged, among other things, fraud, theft, breach of contract, unjust enrichment, and Ohio Sales Practices Act violations. Sheets filed a pro se answer on March 17, 2005 denying all claims.
 {¶ 6} After the issuance of an alias summons, Travel Center, Inc. was served with notice of the complaint on April 1, 2005. When the named defendant Travel Center, Inc. failed to timely file an answer, Vilardo moved for default judgment. The magistrate originally denied Vilardo's motion, but upon issuing findings of fact and conclusions of law reversed his prior decision. The magistrate determined that because a corporation cannot appear in person, it must appear through a licensed attorney in order to properly answer a complaint. Sheets' pro se answer could not be deemed to be on behalf of Travel Center, Inc. Because the entity failed to file an answer or otherwise appear, the trial court ordered default judgment against Travel Center, Inc. on July 15, 2005.
 {¶ 7} After Sheets failed to timely respond to a request for admissions that Vilardo had propounded on June 2, Vilardo's attorney consented to a July 5 extension. Sheets failed to meet that deadline as well. On July 14, 2005, Vilardo filed a motion to deem admitted the subject matter of the request along with a motion for summary judgment against Sheets. Sheets represented himself until he obtained an attorney on July 18. Although a pretrial motion hearing was scheduled for July 15 and then continued until July 22, Sheets alleged that his newly-retained counsel was unable to attend the hearing due to a commitment in another court. Neither Sheets nor his attorney appeared at the July 22 hearing. The trial court granted Vilardo's motion on July 25, 2005.
 {¶ 8} On July 28, 2005, Sheets moved for an extension to respond to Vilardo's summary judgment motion. Sheets also filed a motion on August 3 asking the trial court to reconsider its July 25 decision granting Vilardo's motion to deem admitted the subject matter of the admissions. On August 18, Sheets filed a second motion for reconsideration following the court's August 16 entry which granted Vilardo's motion to deem admitted.
 {¶ 9} On August 18, 2005, the trial court granted Vilardo's summary judgment motion against Sheets. In its September 19 entry, the court awarded Vilardo damages in the amount of $8,277.35, trebled to $24,832.05 for violation of Ohio's Consumer Sales Practices Act. The court also overruled Sheets' motion for an extension and his motions for reconsideration. Sheets timely appealed, raising six assignments of error.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT TRAVEL CENTER, INC."
 {¶ 12} Sheets maintains that default judgment against Travel Center, Inc. was inappropriate in view of what Sheets asserts was a properly filed answer on the part of Travel Center, Inc. Sheets claims that Travel Center, Inc. is not a corporate entity and, as a result, the answer he filed on March 17, 2005 suitably served as a responsive pleading for Travel Center, Inc.
 {¶ 13} Default judgment is proper where a party against whom relief is sought fails to plead or otherwise respond. Civ.R. 55(A). A defendant is required to serve an answer within 28 days after receipt of the summons and complaint. Civ.R. 12(A). Under Ohio law, a defendant that is a corporate entity may only appear through a licensed attorney. Bd. of Edn. of Worthington CitySchool Dist. v. Bd. of Revision of Franklin Cty.,85 Ohio St.3d 156, 160, 1999-Ohio-449, citing Union Savings Assn. v. HomeOwners Aid, Inc. (1970), 23 Ohio St.2d 60, 62.
 {¶ 14} There is a significant problem with Sheets' first assignment of error. Sheets failed to enter objections to the magistrate's findings of fact and conclusions of law in which default judgment against Travel Center, Inc. was deemed appropriate. Written objections to a magistrate's decision must be filed within 14 days of the decision. Civ.R. 53(E)(3)(a). By failing to do so, Sheets waived the right to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law. Civ.R. 53(E)(3)(d). The magistrate's decision awarded default judgment on the basis that Travel Center, Inc. was a corporate entity that failed to answer Vilardo's complaint. In failing to object to this conclusion, Sheets is precluded from arguing on appeal that Travel Center, Inc. is not a corporate entity and that Sheets' pro se answer was on behalf of Travel Center, Inc. as well as himself.
 {¶ 15} Even had this argument been properly preserved for appeal, it would not be successful. Despite Sheets' insistence on appeal that Travel Center, Inc. is not a corporate entity, the issue was conclusively established when Sheets admitted otherwise. In his answer, Sheets verified that "Travel Center, Inc. * * * is an Ohio Corporation, partnership, enterprise, proprietorship, or other entity engaged in the business of providing travel related services to the public." In addition, pursuant to the information admitted to in Vilardo's request for admissions, Sheets acknowledged that he is the sole owner and proprietor of Travel Center, Inc. Accordingly, Sheets cannot appear or respond for Travel Center, Inc. See Bd. of Edn. ofWorthington City School Dist. at 160. Because Travel Center, Inc. failed to respond to the allegations in the complaint, default judgment against the entity was proper. Burdge v. OnGuard Sec. Servs., Inc., Hamilton App. No. C-050522,2006-Ohio-2092, ¶ 8.
 {¶ 16} We further note that, in his first assignment of error, Sheets claims that Travel Center, Inc. is a nonentity and as such may be represented by his pro se answer to Vilardo's complaint. Contrarily, in his fifth assignment of error, Sheets invokes the corporate veil in an attempt to avoid personal liability for Vilardo's claims. Corporate veil piercing renders a shareholder in a corporation personally liable for corporate misdeeds under certain circumstances. See, e.g., Robert A.Saurber Gen. Contr., Inc. v. McAndrews, Butler App. No. CA2003-09-239, 2004-Ohio-6927, ¶ 25, citing BelvedereCondominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.,67 Ohio St.3d 274, 289, 1993-Ohio-119. By seeking to evade liability in this manner, Sheets relies upon Travel Center, Inc.'s status as a corporation. Conversely, in challenging the court's awarding of default judgment against Travel Center, Inc., Sheets relies upon its status as a nonentity. These two arguments are logically irreconcilable. Ultimately, however, this misstep is of no consequence in view of Sheets' admission that Travel Center, Inc. is a sole proprietorship and the resultant inapplicability of the corporate veil doctrine.
 {¶ 17} Because Travel Center, Inc. failed to answer the complaint, default judgment was properly granted against the entity. Sheets' first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED IN GRANTING A MOTION WITHOUT A HEARING."
 {¶ 20} Sheets insists that the trial court abused its discretion in granting Vilardo's motion to deem admitted the subject matter of the request for admissions propounded upon Sheets. Sheets protests that his attorney was unable to attend the July 22 hearing due to a scheduling conflict, and that the proceeding was not a proper motion hearing.[2]
 {¶ 21} Vilardo filed his written request for admissions on June 2, 2005. Once a request for admissions is served, the matters contained therein are admitted unless the receiving party serves written answers or objects to the items within 28 days of service. Civ.R. 36(A). Because the Ohio Rules of Civil Procedure explicitly provide for default admissions upon the recipient's failure to timely respond, the fact that the court deemed the admissions admitted following the July 22 hearing is not significant:
 {¶ 22} "When a party fails to timely respond to the request for admissions, `the admissions [become] facts of record, which the court must recognize.' From a practical standpoint, however, a party typically moves the trial court to `deem' the matters admitted to bring the issue to the trial court's attention and to make the default admissions * * * part of the trial court record." (Internal citations omitted.) Marusa v. City ofBrunswick, Medina App. No. 04CA0038-M, 2005-Ohio-1135, ¶ 20, quoting Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66,67.
 {¶ 23} Once filed, Sheets never opposed or otherwise responded to Vilardo's motion to deem admitted. We emphasize the importance of timely responding to a request for admissions. Admitted matters are conclusively established unless the court, on motion, permits withdrawal or amendment of an admission. Civ.R. 36(B). The decision whether to grant or deny a request for a withdrawal or amendment of an admission rests within the sound discretion of the trial court. Cf. Balson v. Dodds (1980),62 Ohio St.2d 287, paragraph two of the syllabus. "Under compelling circumstances, the court may allow untimely replies to avoid the admissions." Cleveland Trust Co., 20 Ohio St.3d at 67. Sheets, however, did not pursue any ameliorative measures. Not only did he entirely fail to respond to or oppose the admissions, but he failed to file for leave to file an untimely response and failed to move the court to withdraw or amend the admissions. As a result, the subject matter of the admissions was conclusively established and properly incorporated into the record. This consequence, and the means to avoid it, is conspicuously enunciated in the Ohio Civil Rules of Procedure. See Civ.R. 36.
 {¶ 24} The trial court properly granted Vilardo's motion to deem admitted the subject matter of Vilardo's request for admissions. Sheets' second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT GRANT DEFENDANT-APPELLANT'S MOTION FOR AN EXTENSION OF TIME."
 {¶ 27} Sheets retained counsel on July 18 and on July 28 filed a motion seeking a 20-day extension in which to respond to Vilardo's July 14 motion for summary judgment. Sheets claims that he sought counsel after discovering that he was unable to adequately represent himself, and desired an extension so that his counsel could pursue discovery and acquire information about the case prior to responding to Vilardo's summary judgment motion.
 {¶ 28} A trial court's decision granting or denying a motion for an extension of time will not be disturbed absent an abuse of discretion. Unger v. Unger, Brown App. No. CA2003-100-13,2004-Ohio-7136, ¶ 17. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 29} Upon filing the motion for an extension, Sheets insisted that the good faith motion was not brought for the purpose of undue delay or unjust surprise, providing no specific justification for an extension other than his belated acquisition of counsel. On appeal, Sheets attempts to invoke Civ.R. 56(F) to support an extension in the name of unfinished discovery. Pursuant to Civ.R. 56(F), a party opposing summary judgment may seek a continuance to pursue further discovery in order to develop its opposition to the motion. The opposing party must submit an affidavit stating its reasons justifying an extension. Where no affidavit is presented to support a motion for an extension under Civ.R. 56(F), a court may not grant an extension pursuant thereto. See Washington v. Concordia Care, Cuyahoga App. No. 84211, 2005-Ohio-3165, ¶ 27, citing State ex rel.Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12,14.
 {¶ 30} The trial court did not abuse its discretion in overruling Sheets' motion for an extension. Sheets did not attach an affidavit to the motion detailing his justifications for requesting additional time to respond to Vilardo's summary judgment motion. In addition, because Civ.R. 56(F) was not raised in the trial court, Sheets may not invoke that rule for the first time on appeal. Webster v. G J Kartway, Preble App. No. CA2005-06-011, 2006-Ohio-881, ¶ 24. Sheets has thus waived this argument for purposes of appeal. See id.
 {¶ 31} Sheets' third assignment of error is overruled.
 {¶ 32} Assignment of Error No. 4:
 {¶ 33} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT GRANT EITHER OF DEFENDANT-APPELLANT'S MOTIONS FOR RECONSIDERATION."
 {¶ 34} Sheets asserts that the trial court improperly denied his motions for reconsideration because he was in dire need of a continuance after his newly-obtained counsel could not attend the July 22 motion hearing due to an emergency scheduling conflict. Sheets complains that the motion to deem admitted was filed a mere eight days prior to the July 22 hearing, and that his attorney was denied the opportunity to gather information before the trial court's ruling on the motion.
 {¶ 35} A motion for reconsideration addressed to a trial court decision is a nullity. This court has previously noted that the Ohio Rules of Civil Procedure do not provide for motions to reconsider trial court decisions. Duke v. Duke (Jan. 23, 1995), Preble App. No. CA94-040-09, at 5. Accordingly, the trial court did not abuse its discretion in denying Sheets' motions for reconsideration. Id.
 {¶ 36} Sheets' fourth assignment of error is overruled.
 {¶ 37} Assignment of Error No. 5:
 {¶ 38} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON DAVID SHEETS INDIVIDUALLY."
 {¶ 39} Sheets disputes the trial court's awarding of summary judgment against him individually on the basis that Vilardo provided insufficient evidence to pierce the corporate veil to impose personal liability.
 {¶ 40} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.
 {¶ 41} As previously explained, a shareholder in a corporation will be held accountable for corporate liabilities where certain circumstances justify piercing the corporate veil. See, e.g., Belvedere Condominium, 67 Ohio St.3d at 289. In view of the fact that Sheets admitted that Travel Center, Inc. was a sole proprietorship, however, the doctrine of corporate veil piercing is inapplicable to the present matter. "A sole proprietorship has no legal identity separate from that of the individual who owns it." Patterson v. V M Auto Body (1992),63 Ohio St.3d 573, 574-75. Thus Sheets, the lone owner and proprietor of Travel Center, Inc., is the party personally responsible for all obligations of the entity. See id., citingDuval v. Midwest Auto City, Inc. (D. Neb. 1977),425 F.Supp. 1381, 1387.
 {¶ 42} Sheets admitted all pertinent facts relative to Vilardo's claims and failed to satisfy his reciprocal evidentiary burden after Vilardo demonstrated that there were no genuine issues for trial. Accordingly, the trial court properly granted summary judgment in favor of Vilardo.
 {¶ 43} Sheets' fifth assignment of error is overruled.
 {¶ 44} Assignment of Error No. 6:
 {¶ 45} "THE TRIAL COURT ERRED WHEN IT REQUESTED DEFENDANTA-PPELLANT SHEETS TO DISCLOSE INFORMATION."
 {¶ 46} Sheets invokes his Fifth Amendment privilege against compelled self-incrimination to argue that the trial court abused its discretion when it subjected him to Vilardo's request for admissions. Sheets maintains that such potentially incriminating disclosures violated his Fifth Amendment rights in light of a separate pending criminal proceeding against him.
 {¶ 47} The Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that "no person * * * shall be compelled in any criminal case to be a witness against himself * * *." This protection principally ensures that a witness is not forced to furnish evidence that may later be used against him as an accused in a criminal prosecution. Maness v. Meyers (1975), 419 U.S. 449,461, 95 S.Ct. 584. The privilege applies in both civil and criminal proceedings, shielding a witness or defendant from self-incrimination through compelled testimony or other compelled acts that are deemed testimonial in nature. Cincinnati v.Bawtenheimer (1992), 63 Ohio St.3d 260, 264, citing Maness at 461.
 {¶ 48} A self-executing right, the Fifth Amendment privilege does not have to be expressly invoked in cases where its holder is divested of his "free choice to admit, to deny, or refuse to answer." In re Amanda W. (1997), 124 Ohio App.3d 136, 140, citing Garner v. United States (1976), 424 U.S. 648, 657,96 S.Ct. 1178, 1183. However, this aspect of the privilege does not lend credence to Sheets' argument. Rather than claiming the incrimination privilege upon receipt of Vilardo's request for admissions, Sheets allowed the deadline to lapse without submitting any response or objection. Pursuant to the rules, Sheets' inaction resulted in default admissions. See Civ.R. 36. See, also, Cleveland Trust, 20 Ohio St.3d at 67. A holding by this court declaring that the Fifth Amendment privilege against self-incrimination automatically obviates the imposition of default admissions would unnecessarily obliterate the operation of Ohio Civ.R. 36. Where the receiving party chooses not to respond in any way to a request for admissions, there is noFifth Amendment violation resulting by operation of default admissions because the party was not deprived of his choice to admit, deny, or refuse to answer the request. See Garner at 657.
 {¶ 49} We further note that admissions do not engender a real danger of incrimination because Civ.R. 36(B) insulates the privilege by providing that admissions cannot be used against a party in any other proceeding. See Lefkowitz v. Turley (1973),414 U.S. 70, 78, 94 S.Ct. 316. Thus, Sheets' Fifth Amendment privilege against self-incrimination was not abrogated by inclusion of the default admissions.
 {¶ 50} Sheets' sixth assignment of error is overruled.
 {¶ 51} Judgment affirmed.
 {¶ 52} Walsh, P.J., and Hendrickson, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.
[1] As later stated in the procedural posture, the trial court granted Vilardo's motion to deem admitted the subject matter of Vilardo's request for admissions to which Sheets failed to respond. The facts stated in the admissions are thus conclusively established and incorporated here. See Civ.R. 36(B).
[2] Sheets claims that the July 22 hearing "was changed from a motion hearing to a Pre-Trial in light of the schedule conflict of [Sheets'] counsel." Sheets' counsel entered her appearance on July 18 and shortly thereafter attempted to continue the July 22 hearing, without success. Sheets claims, however, that Vilardo's attorney consented to changing the motion hearing to a pretrial hearing. The record is devoid of support for this contention.