OPINION
{¶ 1} Defendant-appellant, Roy Hanna dba AAA Roofing ("Hanna"), filed this appeal seeking reversal of a decision by the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, Palmer-Donavin ("Palmer-Donavin"). For the following reasons, we affirm that decision.
 {¶ 2} Palmer-Donavin brought a breach of contract action against Said A. Hanna[1] dba AAA Roofing Home Improvements, to recover $9,362 for goods that it sold and *Page 2 
delivered to Hanna. The following procedural exposition is necessary to understand the issues before us:
 On March 29, 2005: Palmer-Donavin filed a complaint in the Franklin County Municipal Court against Hanna.
 On April 28, 2005: Hanna filed an answer, counterclaim, and third-party complaint against Palmer-Donavin and others not parties to this appeal.
 On April 28, 2005: Hanna filed a motion to transfer the matter to the Franklin County Court of Common Pleas on the basis that the amount of the recovery sought on his counterclaim exceeded the municipal court's jurisdictional limits.
 On May 6, 2005: Palmer-Donavin filed its answer and response to Hanna's counterclaim and third-party complaint. Palmer-Donavin also served Hanna with requests for discovery, including interrogatories, requests for production of documents, and requests for admissions.
 On May 11, 2005: Hanna served Palmer-Donavin with a motion to strike its requests for admissions and interrogatories because it only served Hanna with a hard copy of the discovery requests, and not an electronic copy, as required by Civ. R. 36.
 On May 16, 2005: The municipal court transferred the case to the Franklin County Common Pleas Court.
 On May 17, 2005: Palmer-Donavin served Hanna with an electronic copy of the discovery requests that were the subject of Hanna's motion to strike.
 On May 18, 2005: Hanna filed his motion to strike with the municipal court.
 On July 27, 2005: Palmer-Donavin filed a motion to reactivate the case in the municipal court and moved to dismiss Hanna's counterclaim and third-party complaint. *Page 3 
 On August 24, 2005: The Franklin County Clerk of Courts, Civil Division,[2] sent Hanna a letter advising him that the matter would not be assigned a case number until he posted security costs, and the failure to remit payment in the amount of $225 would result in the matter being transferred back to municipal court.
 On December 7, 2005: The Franklin County Common Pleas court remanded the case back to the municipal court.
 {¶ 3} On December 21, 2005, Palmer-Donavin filed a combined motion to have the requests for admissions served on Hanna in May 2005 deemed admitted, and a summary judgment motion; the former serving as the predicate for the latter. Palmer-Donavin alleged that Hanna never responded to the requests and that, consequently, the court should deem them admitted. Palmer-Donavin argued those admissions conclusively established that Hanna:
 * * * [Completed and personally signed the Customer Credit Application attached as Exhibit "A" to the Plaintiffs Complaint; that he ordered and received goods from the Plaintiff from on or about January 15, 2004 through on or about June 15, 2004; that he has not paid in full for the goods ordered and received; that he has an outstanding debt with the Plaintiff; that he benefited from the goods provided by the Plaintiff; and that he has an outstanding balance with the Plaintiff in the amount of $9,362.00.
(Palmer-Donavin's Motion for Summary Judgment filed Dec. 21, 2005, at 4.)
 {¶ 4} On January 5, 2006, Hanna filed a memorandum contra to Palmer-Donavin's motion for summary judgment, as well as his answers to Palmer-Donavin's requests for admissions. Hanna asserted that he was precluded from responding to those requests in a timely manner because the common pleas clerk of courts did not *Page 4 
assign the matter a case number upon receipt of transfer from the municipal court. With respect to the merits, Hanna responsively argued that the record contained issues of material fact that precluded summary judgment, regardless of whether the court accepted the unanswered requests as admitted, and provided a "partial list of specific issues and facts in dispute." Id.
 {¶ 5} On May 22, 2006, the municipal court granted Palmer-Donavin's motion for summary judgment. The court issued a second entry dated June 7, 2006, which again entered judgment in favor of Palmer-Donavin in the sum of $9,362, plus interest at the rate of four percent per annum, and contained additional findings and determinations not germane to this appeal.
 {¶ 6} Hanna filed a timely notice of appeal,[3] raising the following two assignments of error:
 [1.] The Trial Court erred by granting Plaintiff's Motion for Summary Judgment as there remained genuine issues as to material facts and the Plaintiff was not entitled to a judgment as a matter of law.
 [2.] The Trial Court's Order of Summary Judgment was against the public policy of this state to settle cases on their merits.
 {¶ 7} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that summary judgment *Page 5 
may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 8} In his first assignment of error, Hanna argues that the municipal court erred by granting summary judgment in favor of Palmer-Donavin because material questions of fact remain. As a preliminary matter, we note that Hanna has failed to cite to any legal authority relative to this assignment of error. As such, he has not met his burden of affirmatively demonstrating error on appeal. App. R. 16(A)(7); State ex rel. Petro v. Gold, 166 Ohio App.3d 371, 392,2006-Ohio-943, appeal not allowed, 110 Ohio St.3d 1439, 2006-Ohio-3862, reconsideration denied, 111 Ohio St.3d 1418, 2006-Ohio-5083. In the interests of justice, however, we will address this assignment of error.
 {¶ 9} Hanna first contends that because the municipal court's entry granting summary judgment to Palmer-Donavin did not expressly reference Palmer-Donavin's motion to deem requests for admissions as admitted, the court impliedly overruled same, and, thus, no admissions were deemed admitted. As such, Hanna argues the court erred when it relied upon unadmitted admissions to support a grant of summary judgment. We disagree.
 {¶ 10} Hanna is correct in his assertion that generally, when a trial court fails to rule on a motion, the motion is deemed to have been overruled. State v. Scruggs, *Page 6 
Franklin App. 02AP-621, 2003-Ohio-2019, at ¶ 14. (Citations omitted.) That general rule, however, has no application here. Pursuant to the express language of Civ. R. 36(A), requests for admissions are "self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admission." Bronski v. Rite Aid Corp. (Feb.16, 1989), Washington App. No. 88 CA 21. (Internal citations omitted.) Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary. Farah v. Chatman, Franklin App. No. 06AP-502, 2007-Ohio-697, at ¶ 10, citing Vilardo v. Sheets, Clermont App. No. CA2005-09-091, 2006-Ohio-3473, at ¶ 21-22; National City Bank,NE v. Moore (Mar. 1, 2000), Summit App. No. 19465; National Mut. Ins.Co. v. McJunkin (May 3, 1990), Cuyahoga App. No. 58458 (motion to deem matters admitted superfluous).
 {¶ 11} In this case, Hanna's responses were due on or about June 17, 2005, and having failed to respond by that date, the unanswered requests for admissions were automatically deemed admitted, and those matters conclusively established. The fact that Palmer-Donavin filed a motion seeking to admit those requests did not somehow erode the self-executing nature of those requests. Thus, we find no merit to Hanna's argument that the court needed to expressly rule on Palmer-Donavin's motion in order to deem the requests admitted and consider the same for the purpose of summary judgment.
 {¶ 12} Hanna justifies his dilatory responses by asserting that he was estopped from responding to Palmer-Donavin's requests for admissions because "no court held *Page 7 
jurisdiction" after the municipal court transferred the case to the common pleas court. (Hanna's appellate brief, at 5.) He asserts that "[although the Municipal Court lost jurisdiction through the filing of the counterclaim and cross-claims, and this loss of jurisdiction was recognized by the case transfer, jurisdiction was not automatically obtained by the Court of Common Pleas." Id. According to Hanna, the common pleas court never obtained jurisdiction because the clerk's office did not accept the case for filing, pursuant to Loc. R. 9.04, because security costs were not posted after the transfer. Id. Thus, Hanna argues that because no court had "the power to compel answers" or "deem the requests for admissions admitted," then "the answers were not, in fact, due [on or about June 17, 2005]." Id.
 {¶ 13} We find this argument unpersuasive, as it runs counter to the great weight of authority. Courts in this state may adopt local rules concerning the payment of costs. See R.C. 2323.31 ("The court of common pleas by rule may require an advance deposit for the filing of any civil action or proceeding"); Civ. R. 83; State ex rel. Davis v. Masgay (1961),171 Ohio St. 498; Beth Morgan Assocs. v. Nommay (Sept. 27, 1994), Franklin App. No. 94AP-630. Such rules are procedural in nature and do not extend or limit a court's jurisdiction. State ex rel. Davis, supra, at 499; McKinnis v. Stropes (Feb. 27, 1980), Hamilton App. No. C-790035, citing Civ. R. 82 and 83. See, also, Cole v. Central Ohio TransitAuth. (1984), 20 Ohio App.3d 312, paragraph one of the syllabus ("Local rules of a court pertain to procedure, not jurisdiction of the court"). Thus, once the municipal court ordered the instant matter transferred, it "relinquished jurisdiction to the court of common pleas," Smith v.Cockrell (Apr. 24, 1991), Summit App. No. 14916, and that court's jurisdiction was not affected by the operation of Loc. R. 9.04. *Page 8 
 {¶ 14} Precedent notwithstanding, Hanna's argument is even more difficult to accept when one considers the jurisdictional limbo that could be created by the counterclaimant, who, by failing to post the required costs, could unilaterally grind proceedings to a halt. Such a scenario is not only pregnant with the potential for abuse, but would certainly result in the waste of judicial and party resources.
 {¶ 15} Additionally, the doctrine of invited error precludes Hanna from raising a claim that he, himself, invited. State ex rel. Beaver v.Konteh, Warden (1998), 83 Ohio St.3d 519; State ex rel. Beaucamp v.Lazaroff (1997), 77 Ohio St.3d 237. The common pleas clerk of courts did not accept the case for filing because Hanna failed to post costs, despite having been sent a letter by the clerk's office in August 2005, advising him to do so. If there were error, Hanna invited the error himself and will not be heard to complain.
 {¶ 16} Turning to the merits, we find that the grant of summary judgment to Palmer-Donavin was proper. The admissions established that Hanna: signed the customer credit application attached to the complaint, ordered and received goods from Palmer-Donavin, failed to pay for those goods, and owes a debt to Palmer-Donavin for those goods in the amount of $9,362. Even if those matters were not conclusively established, the record discloses that Hanna did not meet his reciprocal burden in responding to Palmer-Donavin's motion for summary judgment. It was incumbent on Hanna to point to, or submit, evidentiary material that demonstrated a genuine issue of material fact remained for trial, and the unsupported "partial list of issues and facts in dispute" does not suffice.
 {¶ 17} Based on the foregoing, we find the municipal court properly entered judgment against Hanna. *Page 9 
 {¶ 18} Accordingly, we overrule Hanna's first assignment of error, render his second assignment of error moot, and affirm the decision of the Franklin County Municipal Court.
Judgment affirmed.
KLATT and FRENCH, JJ., concur.
[1] For the purposes of providing a clear and accurate record, we note that the complaint filed by Palmer-Donavin named Said A. Hanna dba AAA Roofing Home Improvements, as the defendant, but Roy Hanna dba AAA Roofing, filed an answer.
[2] Throughout the opinion, the Franklin County Clerk of Courts, Civil Division, will be referred to as either "the common pleas clerk of courts" or "the clerk's office."
[3] Palmer-Donavin has failed to file an appellate brief and has not defended itself in this appeal. *Page 1