[Cite as *Hogg v. Grace Community Church*, 2022-Ohio-3516.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| ALICE J. HOGG, et al., | : | |
| Appellees, | : | CASE NO. CA2021-11-025 |
| | : | O P I N I O N |
| - vs - | | 10/3/2022 |
| | : | |
| GRACE COMMUNITY CHURCH, et al., | : | |
| Appellants. | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CVH20210092

Auman, Mahan & Furry, and Richard L. Carr, Jr. and David M. Rickert, for appellee, Alice J. Hogg.

Howard Law Office, and R. Jason Howard, for appellee, The Estate of Charles L. Schroeder.

Dinsmore & Shohl, LLP, and Matthew J. Bakota, for appellant.


**PIPER, J.**

{¶1}  Appellant, G.A. Repple & Company ("Repple"), appeals from the trial court's order compelling discovery and ordering it to obtain counsel for the purpose of responding to discovery requests.  Repple's timely notice of appeal is primarily aimed at two specific points regarding the discovery order.

**Procedural Background**

{¶2}   Charles Schroeder maintained investment accounts with Repple.  On March 27, 2019, and April 24, 2019, Charles purportedly signed documents designating Grace Community Church as the beneficiary of his investment accounts.  Charles passed away on January 13, 2021.   Plaintiffs-appellees, Alice Hogg, Steven Schroeder, Kenneth Schroeder, Faye Diltz, Doris White, Lenore Branson, and Jody Schroeder are Charles' heirs.

{¶3}   On March 29, 2021, the heirs filed a complaint in the Fayette County Court of Common Pleas against Grace Community Church, Repple, Charles' estate, and others alleging that the change of beneficiary forms purportedly signed by Charles were forgeries, the result of undue influence, or were invalid based upon Charles' incompetence.  The complaint sought declaratory judgment that the assets from Charles' investment accounts are assets of his estate and further sought an injunction prohibiting Repple from transferring any other funds from Charles' accounts during the pendency of this action.

{¶4}   The record shows that Repple was served with the summon and complaint on April 1, 2021.  Repple states that it deliberately did not answer the complaint or otherwise appear in the matter.  On June 18, 2021, the heirs moved for default judgment against Repple.  On June 23, 2021, the trial court granted default judgment against Repple:

> IT IS HEREBY ORDERED that Judgment be rendered against
> G.A. Repple & Co. in this matter.  Specifically, such Defendant
> shall be bound by any determination of this Court on Plaintiffs'
> claims for relief against Repple, but shall not be heard as part
> of the Court's determination of the merits of such claims.

{¶5}   Thereafter, the trial court issued an injunction in which it detailed the manner in which Repple would hold and administer accounts held in the name of Charles or his estate.

{¶6}   On July 23, 2021, the heirs served Repple with interrogatories and requests

for production. Repple did not respond. After some delay, Repple retained counsel to communicate with counsel for the heirs. Unable to resolve the matter, the heirs filed a motion to compel Repple to respond to its discovery requests, which the trial court granted. The trial court then ordered:

> Defendant, G.A. Repple & Company, shall obtain counsel to represent it for the purpose of responding to discovery requests in this action, and shall fully respond to Plaintiffs' Joint First Set of Interrogatories and Joint First Requests for the Production of Documents which, on July 31, 2021, were served upon Defendant G.A. Repple & Company. Defendant, G.A. Repple & Company, shall fully respond to such requests on or before December 6, 2021.

{¶7} Repple then appeared in the instant action for the first time to appeal the trial court's order compelling it to respond to the heirs' discovery requests. Repple also filed a motion for reconsideration and a motion for stay pending appeal. Repple also moved to deposit the account funds with the court as security for its appeal. Those motions do not appear to have been addressed below. We now consider Repple's appeal from the trial court's order compelling it to respond to the heirs' discovery requests and retain counsel.

{¶8} Assignment of Error No. 1:

{¶9} THE TRIAL COURT ERRED IN ITS ORDER COMPELLING DISCOVERY, DATED OCTOBER 29, 2021 (THE "ORDER"), WHEN IT ORDERED APPELLANT G.A. REPPLE & COMPANY ("REPPLE") TO OBTAIN LEGAL COUNSEL, APPEAR IN THE TRIAL COURT ACTION, AND RESPOND TO CIVIL RULE 33 AND 34 WRITTEN DISCOVERY REQUESTS (THE "DISCOVERY REQUESTS") WHEN REPPLE HAD NEVER BEFORE APPEARED IN THE ACTION AND HAD NO INTENTION OF EVER DOING SO.

{¶10} Assignment of Error No. 2:

{¶11} THE TRIAL COURT ERRED IN ITS ORDER WHEN IT ORDERED REPPLE

TO OBTAIN LEGAL COUNSEL, APPEAR IN THE TRIAL COURT ACTION, AND RESPOND TO THE DISCOVERY REQUESTS, WHEN A DEFAULT JUDGMENT ALREADY HAD BEEN ENTERED AGAINST REPPLE.

**Repple's Arguments**

{¶12} This appeal does not involve the substantive merits of appellees' complaint or the allegations of fraud, forgery, or undue influence. In this appeal, one party, Repple, claims not to be a party and therefore argues that it is not required to comply with the trial court's discovery order. Repple's argument, however, is misconceived.

{¶13} There is no dispute that Repple was named in the complaint and served with a summons. However, Repple claims that it made a deliberate choice not to participate in this litigation and therefore accepted default judgment. Repple argues, under its interpretation of the law, that it is not a party to this litigation because it did not answer or appear. Repple offers limited authority to support its proposition. Repple relies on Sections 298 and 310 under Judgments in Volume 63 of Ohio Jurisprudence for the proposition that it had a "rational choice" to allow default judgment in this case. Repple's argument extends that proposition to claim that it does not need to comply with discovery orders. Repple also references this court's February 7, 2022 entry in which we granted a motion for reconsideration of our prior decision dismissing the appeal. Therein, this court stated:

> An order that grants or denies a provisional remedy is a final appealable order. R.C. 2505.02(B)(4). * * * The additional requirements necessary to make a provisional remedy a final appealable order are satisfied in this case, as the order in effect determines the action with respect to the provisional remedy, and the appealing party will not be afforded a meaningful or effective remedy on appeal following final judgment. Appellant is being ordered to appear and participate in discovery in a case where it was never a party.

{¶14} It appears that the final sentence written above was incorrect and based upon representations made in requesting that this court reconsider its order of dismissal.

- 4 -

Nevertheless, Repple claims that this statement is law of the case and therefore is dispositive to its claim that it is not a party to the litigation.

**Repple is a Party**

{¶15} As noted above, Repple's position that it is not a party is simply misconceived. First, law of the case does not apply to this court's February 7, 2022 entry because it was an interlocutory order that did not constitute a finding on the merits. *Frazier v. Rodgers Builders*, 8th Dist. Cuyahoga No. 91987, 2010-Ohio-3058, ¶ 64; *Denuit v. Ohio State Bd. of Pharmacy*, 4th Dist. Jackson Nos. 11CA11 and 11CA12, 2013-Ohio-2484, ¶ 19; *Dunkle v. Children's Hosp. Med. Ctr. of Akron*, 9th Dist. Summit No. 26612, 2013-Ohio-5555, ¶ 34. Furthermore, since law-of-the-case doctrine is a rule of practice rather than a binding rule of substantive law, it is not applied so as to achieve unjust results. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984); *Hodge v. Callinan*, 12th Dist. Warren No. CA2018-07-073, 2019-Ohio-1836, ¶ 18.

{¶16} In this case, Repple claims that it is "not a party" because it did not appear in this matter with counsel and instead was found to be in default. In other words, Repple claims that it can avoid being named a party, and avoid discovery requests, through its unilateral actions alone. This argument is without merit as it fails to appreciate the plain language in Civ.R. 55(A), which refers to a party or parties in default. In relevant part, Civ.R. 55(A) states:

> When a *party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend* as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *. *If the party against whom judgment by default is sought has appeared in the action*, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish

the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

Civ. R. 55(A) (Emphasis added). As stated therein, there is no requirement that an individual or entity appear or defend itself in a lawsuit to become a party. Instead, the individual or entity "party" may be found in default if it fails to plead or otherwise defend itself. Civ. R. 55 then provides that a party that has appeared must be served with notice that the opposing party is seeking default judgment. Although it cites Civ. R. 55 in its brief, Repple does not recognize or explain the apparent contradiction that Civ.R. 55 presents to Repple's argument.

{¶17} The "not a party" argument raised by Repple also fails for additional reasons. As the Supreme Court has stated "one becomes a party officially * * * upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322 (1999). Similarly, in Ohio "[s]ervice of the summons and complaint is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *During v. Quoico*, 10th Dist. No. 11AP-735, 2012-Ohio-2990, ¶ 25. Here, the record reflects that Repple was named in the complaint and was served with the summons on April 1, 2021. Contrary to its arguments otherwise, Repple is a party in the instant action.

**Discovery**

{¶18} Since Repple is a party, we must now consider whether it, as a defaulting party, is subject to discovery beyond that listed in Civ.R. 69 in aid of judgment or execution. Repple argues that it was improper for the trial court to order it to respond to discovery once default judgment had been entered against it. Repple cites several cases in support of its

- 6 -

argument, including *Wick v. Lorain Manor, Inc.*, 9th Dist. Lorain No. 19CA011486, 2021-Ohio-635; *Winkle v. Southdown, Inc.*, 2d Dist. Greene Case No. 92-CA-107, 1993 Ohio App. LEXIS 4295, (Sep. 3, 1993); and *Damsel v. Shapiro*, 10th Dist. Franklin No. 01AP-107, 2001 Ohio App. LEXIS 4052 (Sep. 13, 2001). However, those cases are inapplicable as they involve situations where the *claims* of the party seeking discovery have been dismissed or fully resolved and there no longer being need for discovery. They do not address, and have no bearing on, the circumstances in the case at bar where discovery is being sought from a party who had a default judgment granted against it, but where there is ongoing litigation between other parties involved in the dispute. Repple's citations do not involve a party with a default judgment who may possess information that could lead to admissible evidence in the remaining claims.

{¶19} In the case sub judice, the trial court issued a limited decision granting default judgment against Repple while the action and claims continue below. The trial court's decision expressly contemplated that additional proceedings would continue on the heirs' claims, including issues involving Repple. The trial court determined that the default judgment against Repple established that it will be bound by any subsequent determination and that Repple "shall remain a party for purposes of enforcement of this Preliminary Injunction and other possible issues as they arise." The trial court's findings and conclusions in this regard are appropriate and consistent with Civ.R. 26, which states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense * * *." The use of interrogatories and requests for production of documents, which Repple has not responded to, are permissible methods of obtaining such discovery. Civ. R. 33; Civ. R. 34. Although Repple has a default judgment against it, Repple is not exempt from discovery the trial court deems appropriate.

{¶20} Throughout this appeal, Repple has stated various reasons for why it chose

to exercise what it characterizes as "the right to decide not to appear in/defend." It claims that the complaint suggested that the litigants were likely to be involved in "protracted litigation." Repple claims to have wanted to "stay far away from" this action because of the nature of allegations, including forgery and legal incompetence. Repple then concluded:

> In the face of allegations like that, and with millions of dollars at stake, Repple also saw that Plaintiffs, the Estate, and the Church seemed to be cooperating with each other in some manner. More and more, their filings became "joint" filings, and they seemed to have their collective sights set on Repple, for reasons unbeknownst to Repple. None of this appeared to be anything in which Repple would want to become involved.

**{¶21}** Meanwhile, the heirs claim that Repple is likely to have discoverable information. Yet, Repple has repeatedly failed to provide any discovery. Despite Repple's arguments to the contrary, it is a party to this action. It was named a party in the complaint; it was served with the summons; and Repple is now subject to the limited decision granting default judgment against it. Therefore, the trial court did not err by issuing an order compelling Repple to respond to the heirs' discovery requests and retain counsel. Under Ohio law, a defendant that is a corporate entity may only appear through a licensed attorney. *Vilardo v. Sheets*, 12th Dist. Clermont No. CA2005-09-091, 2006-Ohio-3473, ¶ 13, citing *Union Savings Assn. v. Home Owners Aid, Inc.*, 23 Ohio St. 2d 60, 62 (1970). Repple's two assignments of error are overruled.

**{¶22}** Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.